**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paulette Hacker, | No. CV-25-08060-PCT-KML |
| Petitioner, | **ORDER** |
| v. | |
| Boyce J Little, et al., | |
| Defendants. | |

Petitioner Paulette Hacker filed a "Petition for Writ of Mandamus" against a wide variety of local and federal governmental employees and entities. (Doc. 1.) Hacker also filed an application for leave to proceed without prepaying fees or costs. (Doc. 2.) That application is granted. Having granted that application, the court can assess whether Hacker's complaint states any claims on which she might be able to obtain relief. 28 U.S.C. § 1915(e)(1). It does not.

Hacker is a defendant in a criminal case in Navajo County. Hacker believes that case is "fraught with constitutional violations and misconduct." (Doc. 1 at 2.) There is a bench trial set for March 26, 2025, and Hacker requests this court issue an "emergency injunction to halt" that trial "until the integrity of the proceedings can be restored."[1] (Doc. 1 at 6.)

---

[1] Hacker previously filed a similar case seeking to stay criminal proceedings against her. (CV-24-8191-PHX-SPL.) It is not clear if the criminal proceedings at issue in that case are the same proceedings Hacker references in the current case. That previous case was dismissed for lack of jurisdiction based on Hacker requesting a writ of mandamus against the state court. (CV-24-8191-PHX-SPL, Doc. 11 at 3-4.)

Hacker's petition for writ of mandamus does not contain plausible allegations that she might be entitled to relief. To the extent Hacker is seeking to prevent ongoing state court criminal proceedings, no relief is appropriate. A federal court cannot "restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 588 (9th Cir. 2022) (simplified). Hacker has not alleged she is unable to present her arguments in state court nor has she alleged she will suffer irreparable injury. *See id.* (abstention is not appropriate if the state proceeding does not provide "adequate opportunity . . . to raise constitutional challenges").

To the extent Hacker seeks the appointment of "an independent federal investigator," that a grand jury be convened, and criminal charges be pursued, the court has no authority to do so. *See O'Connor v. State of Nev.*, 507 F. Supp. 546, 549 (D. Nev. 1981) (federal court "cannot order a United States Attorney to conduct an investigation or initiate a prosecution" nor can a federal court "order a district attorney to conduct an investigation").

Accordingly,

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the Petition (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** all pending motions (Doc. 3, 4, 5) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter a judgment of dismissal without prejudice and close this case.

Dated this 24th day of March, 2025.

Honorable Krissa M. Lanham
United States District Judge